Robert J. Lack
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
One Gateway Center, 25th Floor
Newark, New Jersey 07102-5311
(973) 297-4700
*Attorneys for Plaintiff Novo Nordisk A/S*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NOVO NORDISK A/S,

               Plaintiff,

     v.

SANOFI-AVENTIS U.S. LLC and
SANOFI-AVENTIS,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. _____

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Novo Nordisk A/S ("Novo"), with its principal place of business at Novo Allé, 2880 Bagsværd, Denmark, by its undersigned attorneys, hereby alleges as follows for its Complaint against defendants Sanofi-Aventis U.S. LLC ("Sanofi US"), 55 Corporate Drive, Bridgewater, New Jersey 08807, and Sanofi-Aventis ("Sanofi"), 174, avenue de France, 75013 Paris, France (collectively "Defendants"):

**Introduction**

1.     Pursuant to Title 35 of the United States Code, this is an action brought by Novo complaining of Defendants' infringement of a United States patent owned by Novo.

**Jurisdiction and Venue**

2. This action arises under the patent laws of the United States. Novo asserts claims for patent infringement under 35 U.S.C. §§ 271 and 281.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Sanofi US has its principal place of business in Bridgewater, New Jersey and thus is subject to personal jurisdiction in this District.

5. Sanofi has its principal place of business in Paris, France.

6. On information and belief, Sanofi is doing business within this State and District both directly and indirectly, derives substantial revenue from business transacted within this State and District, has committed acts of patent infringement within this State and District and thus is subject to personal jurisdiction in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c) because Defendants reside in this District and because defendants have committed acts of infringement and have a regular place of business in this District.

**Parties**

8. Plaintiff Novo is a corporation organized and existing under the laws of the Kingdom of Denmark and has its principal place of business in Bagsværd, Denmark.

9. Defendant Sanofi US is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in this District.

10. Defendant Sanofi is a corporation organized and existing under the laws of France and has its principal place of business in Paris, France.

### The Patent

11. On July 10, 2007, United States Patent No. 7,241,278 (the "Patent") was duly and legally issued to Novo Nordisk A/S.

12. Novo is the owner of the Patent.

### Defendants' Infringing Activities

13. On information and belief, Defendants are selling or will soon begin to sell in the United States a device called SoloSTAR. SoloSTAR is a prefilled disposable insulin injection device (or "pen") for use by patients in the treatment of diabetes.

14. Defendants are infringing or will soon begin to infringe the Patent by importing the SoloSTAR product to the United States and selling and/or offering to sell the SoloSTAR product in the United States in violation of 35 U.S.C. § 271(a).

15. Sanofi is inducing and/or contributing to infringement of the Patent, or will soon begin to induce and/or contribute to the infringement of the Patent, by making, using, selling, offering to sell and/or importing the SoloSTAR product in the United States, in violation of 35 U.S.C. § 271(b) and (c).

16. As a result of Defendants' infringing activity, Novo is suffering and will -- unless Defendants are enjoined -- continue to suffer irreparable harm for which there is no adequate remedy at law. Novo is thus entitled to a preliminary and permanent injunction against further infringement.

## COUNT I
### (Infringement of the Patent)

17. Novo repeats and realleges paragraphs 1 through 16 of its Complaint as though fully set forth in this paragraph.

18. Novo owns all rights, title and interest to the validly issued Patent.

19. Sanofi US is infringing or will soon begin to infringe the Patent by selling and/or offering to sell the SoloSTAR product in the United States in violation of 35 U.S.C. § 271(a).

20. Sanofi US is infringing or will soon begin to infringe the Patent by importing the SoloSTAR product to the United States in violation of 35 U.S.C. § 271(a).

21. Sanofi is infringing or will soon begin to infringe the Patent by selling and/or offering to sell the SoloSTAR product in the United States in violation of 35 U.S.C. § 271(a).

22. Sanofi is infringing or will soon begin to infringe the Patent by importing the SoloSTAR product to the United States in violation of 35 U.S.C. § 271(a).

23. In the alternative, Sanofi is inducing and/or contributing to infringement of the Patent, or will soon begin to induce and/or contribute to the infringement of the Patent, by making, using, selling, offering to sell and/or importing the SoloSTAR product in the United States, in violation of 35 U.S.C. § 271(b) and (c).

## COUNT II
### (Declaratory Judgment of Infringement)

24. Novo repeats and realleges paragraphs 1 through 23 of its Complaint as though fully set forth in this paragraph.

25. An actual controversy has arisen and now exists between the parties with respect to the Patent and the respective rights and obligations of the parties in connection with the Patent and Defendants' SoloSTAR device.

26. In light of the actual controversy existing between the parties, Novo requests, pursuant to 28 U.S.C. § 2201, that the Court determine and declare the rights and obligations of the parties as follows: Any sale and/or offer to sell SoloSTAR in the United States by Sanofi US or Sanofi, and any importation of SoloSTAR to the United States by Sanofi US or Sanofi is an infringement of the Patent.

**Prayer For Relief**

WHEREFORE, Novo demands judgment as follows:

A. Adjudging, finding, and declaring that Sanofi US is infringing the Patent in violation of 35 U.S.C. § 271;

B. Adjudging, finding, and declaring that Sanofi is infringing the Patent in violation of 35 U.S.C. § 271(a) or, in the alternative, 35 U.S.C. § 271(b) and (c);

C. Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from infringing the Patent, or contributing to or inducing infringement of the Patent, as provided by 35 U.S.C. § 283;

D. Awarding Novo damages in an amount to be determined at trial, together with interest and costs as fixed by this Court; all of those damages to be enhanced for willfulness in an amount up to treble the amount of compensatory damages, as provided by 35 U.S.C. § 284;

E. Adjudging, finding, and declaring this to be an exceptional case entitling Novo to reasonable attorneys' fees, costs, and disbursements pursuant to 35 U.S.C. § 285; and

F. Granting Novo such other and further relief as this Court may deem just and proper.

Novo demands a trial by jury of all issues so triable.

Dated: Newark, New Jersey
       July 10, 2007

| | |
|---|---|
| Of Counsel: | /s Robert J. Lack |
| | Robert J. Lack |
| David B. Tulchin | FRIEDMAN KAPLAN SEILER & |
| James T. Williams | ADELMAN LLP |
| Joseph J. Reilly | One Gateway Center, 25th Floor |
| SULLIVAN & CROMWELL LLP | Newark, New Jersey 07102-5311 |
| 125 Broad Street | (973) 297-4700 |
| New York, New York 10004-2498 | |
| (212) 558-4000 | *Attorneys for Plaintiff Novo Nordisk A/S* |