UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NOVO NORDISK A/S,** | : | Civil Action No.: 07-3206(MLC) |
| **Plaintiff,** | : | |
| v. | : | **O R D E R** |
| | : | **T O   S E A L** |
| **SANOFI-AVENTIS U.S. LLC, et al.,** | : | |
| **Defendants.** | : | |
| _____ | : | |

This matter having come before the Court upon Motion by Defendants sanofi-aventis, et al. ("Defendants") to seal and redact for public filing materials submitted in support of Novo's Opposition to Sanofi's Motion for Judgment on the Pleadings as to Willful Infringement [dkt. entry no. 176], returnable February 4, 2008; and Plaintiff Novo Nordisk ("Plaintiff") filing partial opposition to Defendants' motion; and Defendants filing a letter to the Court on January 18, 2008 seeking to seal additional materials; and Plaintiff sending an opposition letter to the Court on January 22, 2008; and Defendants seeking to seal the following materials:

(1)  Portions of Novo's Memorandum of Law in Opposition to sanofi's motion for judgment on the Pleadings as to Willful Infringement, which reference "Highly Confidential" information and "Confidential" information; and Plaintiff not opposing this request;

(2)  Certain Documents filed in support of Novo's Memorandum of Law in Opposition to sanofi's Motion for Judgment on the Pleadings as to Willful Infringement, including:

　　i)  A document bearing Bates numbers STR0317470-STR0317471 ("Document A"), which is an excerpt from a "Highly Confidential"

          technical presentation regarding the manufacture of the SoloSTAR device; and Plaintiff not opposing this request;

ii)     A document bearing Bates numbers STR0320723-STR0320727 ("Document B"), which is a "Highly Confidential" series of e-mails between sanofi and its counsel regarding a confidential business meeting; and Plaintiff not opposing this request;

iii)    Pages 52 and 64-67 of sanofi's Privilege Log (collectively "Document D"), designated "Confidential", which disclose information about confidential communications between sanofi and its counsel; and Plaintiff opposing the Motion stating that "the privilege log . . . simply list[s] various documents defendants believe contain privilege communications without revealing the substance of those communications" (Pl.'s Opp. Br. at 3); and Plaintiff further stating that sanofi's repeated reliance on the *Laetham Equip. Co. v. Deere & Co.*, No. 05-cv-10113, 2007 WL 2897848 (E.D. Mich. Sept. 28, 2007) and *Deel v. Bank of America, N.A.*, 227 F.R.D. 456 (W.D. Va. 2005), for the proposition that its privilege log should be sealed is misplaced, *Id.* at 4;

iv) Exhibits F and H to Sams' Declaration; and Defendants stating that the two documents at issue are marked 'Highly Confidential' (Def.s' Ltr. at 2); and Defendants further stating that "Exhibit H is a picture of a confidential functional model that Mr. Sams demonstrated to Novo and that Mr. Sams has indicated is Highly Confidential" *Id.*; and Defendants further stating that "Exhibits F and H

contain information that may harm Mr. Sams competitive position if it were disclosed to his competitors, including Novo" *Id.*; and Plaintiff not filing opposition to Exhibit F, but opposing Exhibit H stating that "Exhibit H is simply a photograph of a mechanical demonstration of what is drawn in Figure 1 of Mr. Sams' published and publicly available U.K. patent application" (Pl.'s Opp. Ltr. at 1-2);

And the Court noting that a Motion to Seal is governed by the requirements set forth in L. Civ. R. 5.3(c)(2), which state, in pertinent part, "[t]he motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available"; and the Court further noting that L. Civ. R. 5.3(a)(4) begins with the presumption that "all materials and judicial proceedings are matters of public record and shall not be sealed" *See* L. Civ. R. 5.3, *Comment 2*; and the Court further noting that "[t]o overcome that presumption, a party seeking to seal materials must comply with the mandates of the rule" *Id.*, *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); and the Court further noting that "[m]erely stating that the standards of the rule are met is not sufficient" *Celgene Corp. v. Abrika Pharms., Inc.*, 2007 U.S. Dist. LEXIS 36202 (D.N.J. May 17, 2007); and the Court further noting that the movant has the burden of establishing "good cause" with respect to each document that [it] seeks to seal, *see Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006); and the Court noting that in both *Laethem* and *Deel*, the issue concerned information that *was quoted from or described in detail the contents of the privilege log* in a publicly available in

opinion as opposed to just a privilege log, *see Laethem*, 2007 WL 2897848, at *1 *and Deel*, 227 F.R.D. at 460-63 (emphasis added);

And the Court finding that Defendants have made the required showing for all of the Documents to be sealed pursuant to L. Civ. R. 5.3(c) *except* (1) Pages 52 and 64-67 of sanofi's Privilege Log, which the Court finds is a privilege log that lists various documents Defendants believe contained privilege information, but finding that the log itself does not reveal the substance of any of the privileged communications and therefore should not be sealed; and the Court further finding that Exhibit H to Sams' Declaration should be sealed because although Sams Ex. B, Fig. 1 is publicly available, Sams Ex. H is a different picture altogether; and the Court further finding that at this time it is appropriate to seal Sams Ex. H;

And the Court having reviewed the parties' submissions and considered this matter pursuant to Federal Rule of Civil Procedure 78; and good cause having been shown,

**IT IS** on this 4th day of February, 2008,

**ORDERED** that Defendants' Motion to Seal Documents and Redact for Public Filing Materials submitted in support of Novo's Opposition to sanofi's Motion for Judgment on the Pleadings as to Willful Infringement [dkt. entry no. 176] is **GRANTED in part** and **DENIED in part** as follows:

(1) Portions of Novo's Memorandum of Law in Opposition to sanofi's motion for judgment on the Pleadings as to Willful Infringement, which reference "Highly Confidential" information and "Confidential Information" shall be **SEALED**;

(2) A document bearing Bates numbers STR0317470-STR0317471 ("Document A"), shall be **SEALED**;

(3) A document bearing Bates numbers STR0320723-STR0320727 ("Document B") shall be **SEALED**;

(4)   Pages 52 and 64-67 of sanofi's Privilege Log (collectively "Document D") **SHALL NOT BE SEALED**;

(5)   Exhibits F and H to Sams' Declaration shall be **SEALED**; and it is

**FURTHER ORDERED** that the production of these documents will commence immediately if not already done so.

*/s/ John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**